**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 10-4985**

───────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JOHN JARRELL,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Irene C. Berger, District Judge. (5:10-cr-00005-1)

───────────

Submitted: May 31, 2011        Decided: June 14, 2011

───────────

Before WILKINSON, DAVIS, and WYNN, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Mary Lou Newberger, Federal Public Defender, Christian M. Capece, Assistant Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Charleston, West Virginia, for Appellant. R. Booth Goodwin, II, United States Attorney, Miller Bushong, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellant John Jarrell challenges the district court's determination of the amount of drugs attributable to him as relevant conduct in the calculation of his sentence for distribution of oxycodone, in violation of 21 U.S.C. § 841(a)(1) (2006).

This court reviews the district court's factual findings, including those pertaining to relevant conduct, for clear error. United States v. Pauley, 289 F.3d 254, 258 (4th Cir. 2002) (citations omitted). "Clear error occurs when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. Harvey, 532 F.3d 326, 336-37 (4th Cir. 2008) (internal quotation marks omitted). Although Jarrell argues that drugs possessed for personal use should not be considered relevant conduct in sentencing for possession with intent to distribute, he cannot demonstrate on this record that the district court clearly erred when it found he possessed 200 Dilaudid pills for the purposes of distribution. See United States v. Wright, 991 F.2d 1182, 1187 (4th Cir. 1993) (intent to distribute may be inferred when a defendant possesses a quantity greater than that needed for personal use).

Because Jarrell cannot demonstrate clear error in the district court's factual conclusion, we need not address his legal argument. See Pauley, 289 F.3d at 261 ("We need not decide today whether drugs possessed for personal use should be considered relevant conduct in sentencing for possession with intent to distribute because the district court's finding that [appellant] possessed the entire quantity with intent to distribute was not clearly erroneous.").

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3